Paul W. Reidl (SBN 155221)
Joy L. Durand (SBN 245413)
DICKENSON, PEATMAN & FOGARTY
1500 First Street, Suite 200
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 340- 7239
preidl@dpf-law.com
jdurand@dpf-law.com

*Attorneys for Kinney Family Vintners LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KINNEY FAMILY VINTNERS LLC,**<br><br>Plaintiff,<br><br>vs.<br><br>**ROLLING STILL BROS., d/b/a ROLLING STILL DISTILLERY,**<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR**<br><br>**(1) TRADEMARK INFRINGEMENT**<br>**(2) FALSE DESIGNATION OF ORIGIN**<br>**(3) UNFAIR COMPETITION**<br>**(4) RESTITUTION FOR UNJUST ENRICHMENT** |

Plaintiff Kinney Family Vintners, LLC., for its Complaint against Defendant Rolling Still Bros., d/b/a Rolling Still Distillery, alleges the following on information and belief:

## JURISDICTION

1. This is an action for infringement of a Federally registered trademark under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, false association under the Lanham Act, infringement of an unregistered mark under the Lanham Act, common law trademark infringement, unfair competition, and restitution for unjust enrichment.

//

//

COMPLAINT 1

2. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 (a) and 2201 (a), and 15 U.S.C. § 1121. Acts giving rise to the claims asserted herein have been expressly aimed at, have occurred in, and will continue to occur in California and this District. It has personal jurisdiction under California's long-arm statute, Cal. Code Civ. Proc § 410.10.

**VENUE**

3. Venue properly lies within this District pursuant to 28 U.S.C. §1391.

**INTRADISTRICT ASSIGNMENT**

4. Pursuant to Civil Local Rule 3-2(c) this is an intellectual property matter which is to be assigned on a district-wide basis.

**THE PARTIES**

5. Plaintiff Kinney Family Vintners, LLC ("KFV") is a California limited liability company with its principal place of business in Livermore, California. It is in the business of producing and distributing wines and spirits. It is managed by John Kinney.

6. Defendant Rolling Still Bros., LLC ("Rolling Still") is a New Mexico limited liability company with its principal place of business in Taos, New Mexico. It is in the business of operating a bar/lounge in Taos, New Mexico, and distilling and distributing distilled spirits in the Western United States. It is managed by two of its co-owners, Nicole Barady and Liza Barrett.

**FACTUAL BACKGROUND**

7. For over fifteen (15) years, KFV has farmed vineyards and operated Occasio Winery in the Livermore Valley wine growing area of California. Its wines have achieved great commercial success and received many awards. Its wines are distributed nationally.

8. In or about 2017, KFV decided to invest in developing a distilled spirits business. Among other things, after a clearance search, it decided to name its spirits line SIDEWINDER SPIRITS CO. ("SIDEWINDER"). Its first product was a vermouth (a fortified grape wine), then a grappa which was distilled from the left-over pomace from the winemaking operation. That was followed by a brandy. KFV then added gin, whiskey and rum to the portfolio.

//

COMPLAINT                                             2

1    9.    SIDEWINDER brand products are sold in many states and from the corporate web site, www.sidewinderspirits.com.  They have won many awards and received critical acclaim from critics and consumers.

10.    The SIDEWINDER package makes prominent use of the term SIDEWINDER.  In its promotional materials, Kinney uses the term SIDEWINDER to identify the brand.  Consumers do as well.  This is because the most prominent term on the label is SIDEWINDER.  A photograph of the packaging is set forth below:



11.    On April 19, 2016, Kinney filed an application to register SIDEWINDER SPIRITS CO. as a trademark.  That application was approved, and a Statement of Use claiming a first use date of February 1, 2018 was filed on May 16, 2018.  The mark was registered on July 10, 2018 and assigned no. 5,514,280.

12.    Rolling Still was founded in 2017.  It distills and markets vodka and infused vodka under its ROLLING STILL brand.  These products are sold in the Western United States.  In or about 2020, Rolling Still decided to expand its product line to include a whiskey.  Unlike the branding strategy used by KFV which has a single umbrella brand for all of its spirits, Rolling Still decided to create a new brand and label.  The new brand was SIDEWINDER 4.2 which it would sell under a Ponderosa Whiskey Co. trade name.  The term "SIDEWINDER 4.2" is the largest term on the label and is in a different color than the Ponderosa Whiskey Co. portion of the label so that consumers will know and remember the brand as SIDEWINDER 4.2.  Rolling Still, retailers and consumers refer to the product as SIDEWINDER or SIDEWINDER 4.2 in social media, and Rolling Still created a hashtag #Sidewinder4.2.  Rolling Still received a Certificate of Label Approval for the label on May 6, 2021.  Prior to that time it would have been unlawful to bottle and

1  sell the whiskey.  Sales began at or about the time of the "launch party" for the brand, which
2  occurred on October 29, 2021.  A photograph of the packaging is set forth below:



10       13.    Rolling Still asked a consultant and financial advisor, who is also a lawyer, Gary
11  Mitchell Feuerman, to prepare and file a trademark application for Ponderosa Whiskey Co.  On
12  information and belief, Rolling Still also asked him to research the availability of SIDEWINDER
13  4.2.  He learned of KFV's registration of SIDEWINDER SPIRITS CO., he reported that to Rolling
14  Still, and it decided to proceed with the label anyway.

15       14.    Rolling Still promotes the SIDEWINDER brand of whiskey on its web site, on
16  Facebook (which is located in California) and on Instagram (which is also located in California).
17  There are also in-store and on-premises promotions.

18       15.    In the twenty (20) months since the launch of the SIDEWINDER brand, Rolling
19  Still has aggressively expanded its distribution.  California is the largest spirits market in the
20  country.  Rolling Still has explored distribution in California, and has actively solicited investors
21  for the business who reside in California.  The brand is being sold by the large chain retailer, Total
22  Wines & More, which has over 250 retail stores nationally and an interactive web site where
23  consumers can purchase the brand.  Thirty seven (37) of those stores are located in California.  On
24  information and belief, samples have been provided to potential distributors and retailers in
25  California in an effort to expand distribution of the brand beyond Total Wines & More.

26       16.    Rolling Still maintains a web site, Facebook page, and Instagram page for its
27  SIDEWINDER 4.2 brand.  The social media platforms are owned by Meta Platforms, Inc. located

COMPLAINT                                       4

1  in Menlo Park, California. The web site is designed by wix.com with offices in San Francisco,
2  California.

3     17.     The foregoing actions by Rolling Still have purposefully targeted the State of
4  California and have been undertaken in the regular course of business.  It has undertaken these
5  actions with full awareness of KFV and its SIDEWINDER mark and Federal registration. It seeks
6  to trade on the goodwill in the SIDEWINDER mark built by KFV through years of hard work and
7  investment.

8     18.     On June 7, 2023, KFV sent a demand letter to Rolling Still.  It explained the obvious
9  problem with the SIDEWINDER 4.2 label, requested that Rolling Still cease using it, and offered
10 a use-up period.  A response was requested by June 19.  Rolling Still did not respond by that date.
11 KFV sent several reminders, and on July 7 Rolling Still finally responded.  It claimed that the goods
12 were different because KFV's registration was for a "non-specific catch-all" (alcoholic beverages
13 except beer) while the Rolling Still mark was used only for whiskey.  It also claimed that the marks
14 were not similar at all.  It asserted that there was no likelihood of confusion.

15     19.     Rolling Still's activities will cause damage and injury to KFV and its brand.  It will
16 damage KFV's ability to expand wholesale and retail distribution in California and elsewhere
17 because where there is only one Federally authorized user of SIDEWINDER on alcohol beverages,
18 there are now two.

## FIRST CLAIM FOR RELIEF

**(Infringement of a Federally Registered Trademark, 15 U.S.C. § 1114)**

21     20.     The allegations of Paragraphs 1 - 19 of this Complaint are hereby incorporated by
22 reference.

23     21.     KFV began using its SIDEWINDER trademark long before Rolling Still began
24 using its SIDEWINDER 4.2 mark.  KFV filed its application to register SIDEWINDER as a
25 trademark long before Rolling Still began using its SIDEWINDER 4.2 trademark. KFV has both
26 use and filing priority.

27 //
28 //

COMPLAINT     5

22. Rolling Still adopted its SIDEWINDER 4.2 mark in connection with its whiskey without authorization from KFV. The mark is virtually identical to KFV's registered SIDEWINDER SPIRITS CO. trademark. The dominant portion of both marks is the word SIDEWINDER. The terms "SPIRITS CO." in KFV's mark have been disclaimed because they have no trademark significance. Similarly, the term "4.2" has no trademark significance, and the dominant term in the mark is identical to KFV's SIDEWINDER. The mark is used on highly similar goods (distilled spirits), and in the case of whiskey, identical goods. The Rolling Still whiskey has the same market positioning as goods bearing the SIDEWINDER mark, namely, as an up-scale craft distilled spirit. Rolling Still's SIDEWINDER whiskey retails for half the price of KFV, which provides an incentive to consumers to purchase it in lieu of KFV's whiskey or leads consumers to believe that Rolling Still's whiskey is a "bargain" version of KFV's whiskey. A web search for SIDEWINDER whiskey shows both products. In the normal course of trade, the goods will be sold and promoted to the same consumers in the same channels of trade. Consumers who see Rolling Still's trademark are likely to believe mistakenly that the goods originate with, are licensed by or are otherwise associated or affiliated with KFV. Alternatively, the aggressive distribution of Rolling Stock's whiskey may lead to the destruction of the goodwill in the SIDEWINDER trademark, causing consumers to believe mistakenly that KFV's distilled spirits originate with, are licensed by or are otherwise associated or affiliated with Rolling Still or that KFV's distilled spirits are simply a premium-priced line extension of Rolling Still's whiskey. This unauthorized use of KFV's SIDEWINDER trademark creates a likelihood of confusion and constitutes an infringement of KFV's SIDEWINDER SPIRITS CO. trademark under 15 U.S.C. §§ 1051 *et seq.*

23. KFV has been and will be injured by Rolling Still's use and promotion of its SIDEWINDER trademark. The use of a highly similar mark on highly similar goods will undermine if not destroy the goodwill in KFV's trademark and cause damage and injury to it. It will harm KFV's business reputation and goodwill and decrease its business and profits.

24. Rolling Still's infringing conduct is willful, intentional and in bad faith. It was aware of KFV's SIDEWINDER registered trademark prior to adopting its trademark in the United

States and therefore had an opportunity to change its mark prior to the United States launch. It had an opportunity to change its trademark after it received the demand letter. Notwithstanding this awareness, Rolling Still decided to proceed with its scheme to appropriate the goodwill in KFV's trademark.

**WHEREFORE**, KFV prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF

### (False Designation of Origin, 15 U.S.C. § 1125)

25. The allegations of Paragraphs 1 - 24 of this Complaint are hereby incorporated by reference.

26. The trademark SIDEWINDER for distilled spirits points uniquely to KFV, and no one else is using it as a trademark for alcohol beverages. KFV began using this term for distilled spirits in the United States and California long prior to Rolling Still's use on and in connection with its whiskey in the United States and California.

27. The aforementioned acts are likely to confuse consumers into mistakenly believing that the whiskey provided by Rolling Still originates with KFV. This constitutes a false designation of origin under 15 U.S.C. § 1125.

28. These acts are willful and deliberate.

29. As a direct consequence of these unlawful acts and practices, KFV has suffered, and will continue to suffer, damage to its business, reputation and goodwill, for which it is entitled to relief under Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125 (a).

**WHEREFORE,** KFV prays for relief as set forth below.

## THIRD CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

30. The allegations of Paragraphs 1 – 29 of this Complaint are hereby incorporated by reference.

31. KFV has used the SIDEWINDER mark continuously since February 2018 to identify its distilled spirits and to distinguish them from those offered by others, by, among other things, prominently displaying the trademark on its labels and web site. The trademark

SIDEWINDER points uniquely to KFV, and no one else is using it for distilled spirits. KFV began using this term for distilled spirits in the United States and California long prior to Rolling Still's use on and in connection with its SIDEWINDER 4.2 whiskey.

32. This use of KFV's trademark has included use with distributors, retailers and consumers doing business across state lines.

33. As a result of the sales and advertising by KFV under the SIDEWINDER mark, it has come to indicate distilled spirits that originate only with KFV. Rolling Still's use of a highly similar mark on highly similar goods in the same channels of trade is likely to cause confusion and infringe KFV's common law SIDEWINDER trademark for distilled spirits.

34. Rolling Still's infringement of KFV's common law SIDEWINDER trademark mark is knowing, wilful and intentional, and done without any authorization or permission from KFV and with full knowledge and awareness of KFV's established rights.

**WHEREFORE,** KFV prays for relief as set forth below.

## FOURTH CLAIM FOR RELIEF

### (California Unfair Competition, B & P § 17200)

35. The allegations of Paragraphs 1 – 34 of this Complaint are hereby incorporated by reference.

36. Rolling Still's conduct as alleged above constitutes unfair, unlawful, and fraudulent business practices in violation of California Business & Professions Code §17200 *et seq*.

37. As a direct and proximate result of the unfair and illegal conduct and representations to consumers and the public by Rolling Still, as herein alleged, KFV has suffered direct injury and damage because sales have been and will be diverted to Rolling Still, in an amount which has not yet been ascertained, because consumers mistakenly believe that its whiskey originates with KFV or is a line extension of KFV's distilled spirits. These wrongful acts have proximately caused and/or will continue to cause KFV substantial injury, including confusion in the marketplace, wrongful association, injury to its reputation, direct economic loss, and diminution in value of its trademark. These actions are causing imminent irreparable harm and injury to KFV and will cause it substantial economic injury and harm.

38. As a result of Rolling Still's wrongful conduct, KFV is entitled to recover from Rolling Still the gains, profits, and advantages it has obtained as a result of its wrongful acts as hereinabove alleged and said amounts should be disgorged and restitution made to KFV.

**WHEREFORE,** KFV prays for relief as set forth below.

## FIFTH CLAIM FOR RELIEF

### (Restitution Based On Unjust Enrichment)

39. The allegations of Paragraphs 1 – 38 of this Complaint are hereby incorporated by reference.

40. As a result of Rolling Still's conduct, it has been unjustly enriched at the expense of KFV and the law thereby implies a contract by which Rolling Still must pay to KFV the amount by which, in equity and good conscience, it has been unjustly enriched at the expense of KFV

**WHEREFORE,** KFV prays for relief as set forth below.

## PRAYER FOR RELIEF

**WHEREFORE,** KFV demands judgment against Rolling Still as follows:

1. An injunction against Rolling Still enjoining any further infringement of KFV's SIDEWINDER trademark, further acts of unfair competition and false association; and

2. An award of damages in an amount to be determined at trial; and

3. An enhancement of the trademark infringement damages award for willful and deliberate conduct as permitted by the Lanham Act; and

4. Costs of suit, including KFV's reasonable attorneys' fees;

5. An order of remedial advertising as this Court deems just as permitted by the Lanham Act; and

6. An order requiring Rolling Still to recall all infringing product currently in the market; and

7. That KFV be awarded punitive damages as a result of Rolling Still's conduct; and

8. Such further relief as this Court deems just.

//

//

COMPLAINT                                    9

1                                          Respectfully submitted,

2      DATED: July 31, 2023         **DICKENSON, PEATMAN & FOGARTY**

*/s/ Paul Reidl*

By: Paul W. Reidl (SBN 155221)
     preidl@dpf-law.com
     Joy L. Durand (SBN 245413)
     jdurand@dpf-law.com
     1500 First Street, Suite 200
     Napa, CA 94559
     Tel. No.: (707) 261-7000

*Attorneys for Kinney Family Vintners, LLC*